897 F.2d 539
 16 U.S.P.Q.2d 1885
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ARNCO, Plaintiff-Appellant,
v.
SYNAIR CORPORATION and Edward N. Gomberg, Defendants/Cross-Appellants.
 Nos. 89-1558, 89-1559.
 United States Court of Appeals, Federal Circuit.
 Feb. 23, 1990.
Suggestion for Rehearing In Banc Declined April 12, 1990.
 
 Before RICH and NIES, Circuit Judges, and BRIAN BARNETT DUFF, District Judge*.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Plaintiff-Appellant Arnco appeals from the March 31, 1989 Order (as amended) of the United States District Court for the Eastern District of Tennessee, insofar as it failed to hold Defendant/Cross-Appellants Synair Corporation and Edward N. Gomberg (collectively Synair) liable for infringement of claims 1, 3-5, and 14-25 of U.S. Pat. No. 4,416,844 ('844) after March 3, 1987, and failed to find the infringement of those claims by Synair prior to March 3, 1987 willful. Synair cross-appeals from the Order insofar as it held that Synair had infringed claims of the '844 patent prior to March 3, 1987, and that Arnco had not unfairly competed. We affirm.
 
 OPINION
 A. Claim Construction
 
 2
 Arnco maintains that the District Court erred in construing claims 1, 3-5, 16, 18-19 and 24 to require the addition of at least 0.1% water. Claim construction is a question of law, and thus freely reviewable by this court. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 866, 228 USPQ 90, 93 (Fed.Cir.1986).
 
 
 3
 We disagree with Arnco's contention that the phrase "water, in amounts sufficient ..." in claim 1 (and the similar language in claims 16, 18-19 and 24) can be construed to mean any amount of intentionally-added water, no matter how small. By its very terms, the phrase implies that it is possible to add water in an amount which is not sufficient to satisfy the stated conditions. Instead, we agree with the District Court's conclusion that the claims require a certain minimum amount of water added.
 
 
 4
 Having reached this conclusion, it is necessary to determine exactly what that minimum amount is. The specification certainly supports a minimum amount of 0.1%, since that is the lowest value recited in the various examples. Likewise, Mr. Wyman's statement made during prosecution of the divisional application is relevant,[1] and indicates that a small amount of water is not sufficient to cause the production of urea structures or carbon dioxide, in contrast to the addition of "at least 0.1% water." As to the recitation of 0.1% in various dependent claims, the doctrine of claim differentiation is only a presumption which can be overcome by contrary evidence in the specification and prosecution history. Tandon Corp. v. I.T.C., 831 F.2d 1017, 1023-24, 4 USPQ2d 1283, 1288 (Fed.Cir.1987). In this case, we are convinced that the specification and prosecution history do overcome the presumption of claim differentiation and require that a "sufficient amount" of water be at least 0.1%.
 
 B. Willful Infringement
 
 5
 Willful infringement is a question of fact reviewable under the clearly erroneous standard. Shatterproof Glass Corp. v. Libbey Owens Ford. Co., 758 F.2d 613, 628, 225 USPQ 634, 644 (Fed.Cir.), cert. dismissed, 474 U.S. 976 (1985). We find the facts of this case somewhat similar to those of Radio Steel & Mfg. Co. v. MTD Products, Inc., 788 F.2d 1554, 229 USPQ 431 (Fed.Cir.1986), where this court refused to reverse a finding of no willful infringement when the patentee acted upon an oral opinion of counsel obtained without review of the prosecution history. As in Radio Steel, we are not convinced, in view of the totality of the circumstances, that the District Court's determination of no willful infringement was clearly erroneous.
 
 C. Validity--Permatire
 
 6
 Synair points to several sales of Arnco's product Permatire where the water present in the material may have exceeded 0.1%, arguing that these sales act as an anticipation under 35 USC 102(b). As discussed in subsection A, supra, we agree with the District Court that the claims require the intentional addition of at least 0.1% water. Thus, any isolated sales of Permatire containing in excess of 0.1% water would not constitute anticipation, since the water present was not, as required by the claims, intentionally added.
 
 
 7
 The District Court also did not err in failing to take the Permatire sales into account in determining obviousness. While isolated batches of Permatire material may have had in excess of 0.1% water, that water amount was neither intentional nor desirable, and so could not provide the motivation necessary to add water to other prior art tire filling compositions such as that disclosed in the prior art Gomberg patent.
 
 D. Inequitable Conduct
 
 8
 The underlying issues of materiality and intent are factual questions which we review under the clearly erroneous standard. Kingsdown Medical Consultants Ltd. v. Hollister Inc., 863 F.2d 867, 872, 9 USPQ2d 1384, 1389 (Fed.Cir.1988). The District Court found that the failure to cite Permatire during prosecution was not a material error since the Permatire composition was very similar to that of the prior art Gomberg patent. The District Court further found no intent to mislead with respect to either the failure to cite the British '540 patent or the mislabelling of MPDA in the test results as an "amine catalyst." We do not consider any of these findings to be clearly erroneous.
 
 E. Other Issues
 
 9
 With respect to the remaining allegations of error on the part of the District Court brought forth by the parties, we find these arguments equally unpersuasive.
 
 
 
 *
 District Judge Brian Barnett Duff, of the Northern District of Illinois, sitting by designation
 
 
 [1]
 The prosecution history is not necessarily limited to the proceedings involved in obtaining the patent in issue. See Caterpillar Tractor Co. v. Berco, S.p.A., 714 F.2d 1110, 219 USPQ 185 (Fed.Cir.1983). In this case, the close relation between the patent in issue and the divisional application warrants the inclusion of the Wyman declaration from the divisional application in the prosecution history of the '844 patent, at least for the purpose of construing the claim language