**RADIO STEEL & MFG. CO., Appellant,**

v.

**MTD PRODUCTS, INC., Appellee.**

**Appeal No. 83–1231.**

United States Court of Appeals,
Federal Circuit.

March 29, 1984.

James P. Ryther, Chicago, Ill., argued for appellant. With him on the brief was Robert W. Slater, Chicago, Ill.

Charles R. Rust, Cleveland, Ohio, argued for appellee. With him on the brief was Bruce B. Krost, Cleveland, Ohio.

Before FRIEDMAN and MILLER, Circuit Judges, and RE, Chief Judge.[*]

FRIEDMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of Ohio, 566 F.Supp. 609, in a patent infringement suit. The court held that United States Patent No. 3,282,600 (the '600 patent) covering a wheelbarrow, which the appellant Radio Steel & Mfg. Co. (Radio) owns, is valid but was not infringed by a wheelbarrow manufactured and sold by the appellee, MTD Products, Inc. (MTD). 220 USPQ 35 (1983). We affirm the determination of validity but reverse the determination of noninfringement, and remand the case to the district court for an accounting.

I

A. A wheelbarrow is an old and well-known device used to transport heavy and bulky materials. A wheelbarrow usually includes a bowl which carries the material to be transported, a pair of long handles that support the bowl, a wheel at the front end of the structure between the handles, and two legs which form a tripod with the wheel upon which the bowl rests when it is being loaded and unloaded. Wheelbarrows

* Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

also usually include various supporting and bracing elements.

Previously, wheelbarrows generally were assembled at the factory. An assembled wheelbarrow, however, is relatively large, which makes it impractical to package for shipment and difficult and expensive to ship and store. The specification of the '600 patent described the invention as "a strong and rugged wheelbarrow such as may be used for construction work and in which the wheelbarrow can be fabricated, packaged, distributed and sold as separate elements in 'knocked down' condition for assembly by the user to provide a new and improved wheelbarrow of rugged construction."

Claim 2 of the '600 patent, the only claim we consider (*see infra* p. 844), describes a wheelbarrow in which each handle is composed of two pieces that, when assembled, abut end to end. At their juncture, these pieces are supported on their underside by a cross brace between the handles and also from above by being bolted onto the bottom of the bowl. The cross brace looks like this in simplified cross section:

 

and has at each end a square U-shaped channel into which a handle fits. The claim also describes a wheel between the two handles at their front ends, the bowl, two V-shaped legs with their upper ends connected to the handles, and "means" for mounting and attaching the various components.

The patent issued in November 1966. It contains 10 claims, of which only claims 1 and 2 are independent, with the remainder being directly or indirectly dependent on claim 2.

B. MTD manufactured and sold a non-infringing wheelbarrow from 1970–1978, when it left the wheelbarrow business. It returned to the business in 1980. In the summer of that year, it exhibited its new wheelbarrow at a hardware show. That wheelbarrow was virtually identical to the wheelbarrow the '600 patent covered. Radio so informed MTD and requested MTD to stop the infringement. In response, MTD "changed the ends [of the cross-brace] to flat and did away with the channel." It manufactured and sold its wheelbarrow with this altered cross brace.

Radio filed the present infringement suit in July 1981. MTD filed an answer and counterclaim for declaratory judgment seeking a determination that the '600 patent was invalid, not infringed, and not enforceable. Both parties sought attorney's fees.

After a two-day bench trial, the district court held the '600 patent valid but not infringed. With respect to validity, the court noted that MTD relied upon 10 patents the examiner had not cited. The court concluded, however, that "none of them demonstrates any features disclosed by the '600 patent which are not represented in the cited art." The court held that all the claims met the definiteness requirement of 35 U.S.C. § 112 (1976); that the prior art did not anticipate the claims of the '600 patent because "in no single pre-existing structure or description are there all of the elements of the plaintiff's patented devices or their equivalents"; and that "the differences between the subject matter of the '600 patent and the prior art are such that the subject matter as a whole was not obvious at the time the invention was made to a person having ordinary skill in the art."

With respect to infringement, the court held that there was no literal infringement because "the defendant's cross brace, with its flat ends, is of a somewhat different shape than the cross brace of the plaintiff's patent, which has channel shaped sections on its opposite ends." The court further ruled, however, that "the defendant's cross brace is the equivalent of the cross brace in the '600 patent."

The court pointed out that "[t]he claimed function of the end sections of the cross brace in the plaintiff's patent is to secure the handle portions with the two pieces aligned in abutting relationship to form

complete handles. The flat ends of the defendant's cross brace perform this same function in substantially the same way—that is, by bridging the handle pieces and being bolted to each piece." The court concluded that "if determination of infringement of the '600 patent by the defendant's wheelbarrows involved only consideration of the equivalency of the cross brace members, this Court would conclude that the patent was indeed infringed."

The court, however, refused to find infringement, on the ground that "there exists a significant difference between the structure claimed in the '600 patent and that of the defendant's wheelbarrows." The "significant difference" was that although MTD's wheelbarrow contained filler strips, which were shims placed between the handles and the bowl, the claims of the '600 patent do not mention those strips.

The court noted that filler strips "are mentioned frequently in the specification of the '600 patent." It declined, however, to read the "means" language in the claim as incorporating into the claims the filler strips, which it viewed as "integral structural components" of the MTD wheelbarrow that the claims of the '600 patent do not cover. The court stated: "Just as the inclusion into the '600 patent of the multipurpose cross brace results in a new type of wheelbarrow with a new, improved, and specific interaction among its elements, so the inclusion into the defendant's wheelbarrows of filler strips, although not new elements, creates a different structure."

The court denied MTD's motion for attorney's fees, ruling that it could not find that this is an "exceptional case" under 35 U.S.C. § 285.

C. Radio's appeal challenges the district court's finding of noninfringement. MTD defends that finding and also attempts to support the district court's judgment in its favor by arguing that the patent is invalid. It also contends that it is entitled to attorney's fees. We believe it will aid the discussion of the issues first to consider validity, and then infringement.

II

A. There is a threshold issue whether MTD's failure to cross-appeal on the validity issue precludes it from now arguing that point. The general rule is that, without taking a cross-appeal, the prevailing party may present any argument that supports the judgment in its favor. *United States v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 563, 66 L.Ed. 1087 (1924); 9 J. Moore, B. Ward, & J. Lucas, *Moore's Federal Practice* ¶ 204.-11[3] (2d ed. 1983). This rule has been applied in some interference proceedings. *See, e.g., Klemperer v. Price*, 271 F.2d 743, 123 USPQ 539 (CCPA 1959). It is unclear, however, how that rule applies in this case.

The pertinent portion of the judgment of the district court is as follows:

For the reasons stated in the Memorandum Opinion contemporaneously filed, IT IS ORDERED, ADJUDGED, and DECREED that the plaintiff's United States Letters Patent No. 3,282,600 is valid but not infringed by the defendant's products. Judgment is entered in favor of the defendant and against the plaintiff on all aspects of the plaintiff's complaint except validity and in favor of the plaintiff and against the defendant on the defendant's counterclaim.

■ The judgment did not dismiss the complaint. It adjudicated that the '600 patent "is valid but not infringed," and entered judgment in favor of MTD "except" on the issue of validity and in favor of Radio on the counterclaim. The judgment in favor of Radio on validity was distinct from the judgment against it on infringement.

It would seem that the only way MTD could challenge the judgment of validity was by noting an appeal from that portion of the judgment. If MTD were to prevail in its argument that the claims of the patent were invalid, the result would be not an affirmance of the district court judgment, but a modification that would reverse the adjudication of validity. MTD's argument on validity, therefore, is not an attempt to

uphold the judgment of the district court on an alternative ground.

In response to questions about this point at oral argument, counsel for MTD seemingly suggested that it is the usual practice in patent appeals for a party in its position to argue invalidity without appealing from the portion of the judgment against it on that issue. We are not familiar with the practice on that point in other circuits. MTD, however, may have been misled by that practice in not here appealing on the validity issue. Moreover, Radio apparently agreed with MTD, since neither in its reply brief nor in oral argument did Radio question the appropriateness of MTD's arguing the validity issue.

Although we have grave doubt whether the issue is open to MTD, in view of all the circumstances we shall consider it.

■ Henceforth, however, a party will not be permitted to argue before us an issue on which it has lost and on which it has not appealed, where the result of acceptance of its argument would be a reversal or modification of the judgment rather than an affirmance. *See, e.g., Helvering v. Pfeiffer*, 302 U.S. 247, 250–51, 58 S.Ct. 159, 160, 82 L.Ed. 231 (1937); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.11[3] (2d ed. 1983).

B. As noted, claims 1 and 2 are the only independent claims in the patent. In claim 1, the wheel is described as being between the legs of the wheelbarrow rather than between the handles at their front end. Claim 2, the specification and the drawings all refer to the wheel in its proper place. The district court held claim 1 valid, rejecting MTD's arguments that it was invalid for indefiniteness and failure to define an operable and useful device. It further held, however, that since the wheel of MTD's wheelbarrow was at the front, that wheelbarrow did not infringe claim 1 of the '600 patent.

Before this court, Radio argues, as it did in the district court, that the statement in claim 1 that the wheel is between the legs is an inadvertent error which we should disregard, and that we should read the claim in the light of the remainder of the patent disclosure as claiming a wheel between the front ends of the handles. We find it unnecessary to decide that question, however, in view of Radio's statement at oral argument that, if it prevailed on claim 2, it could obtain all the relief it seeks. The parties stipulated in the district court that a determination of validity and infringement of claims 2, 3, and 10 would be controlling with respect to all the claims at issue. Accordingly, we proceed to determine the validity and infringement of independent claim 2.

In this case, our decision that claim 2 is valid necessarily extends to claims 3 and 10. In light of Radio's statement and the lack of any attempt by MTD separately to distinguish claims 3 and 10 from its own wheelbarrows, our determination that claim 2 was infringed makes it unnecessary to decide whether those dependent claims also were infringed.

C. MTD contends that the '600 patent is invalid under *Lincoln Engineering Co. v. Stewart Warner Corp.*, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008 (1938). In that case the Supreme Court held that, where the invention was only an improvement in a single element of a combination of old elements, a patent claiming the entire combination was "void as claiming more than the applicant invented." 303 U.S. at 549, 58 S.Ct. at 664. The Court reasoned that "the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination." *Id.* at 549–50, 58 S.Ct. at 664–65 (footnote omitted). MTD argues that under *Lincoln Engineering*, the '600 patent is invalid since the only novel element of the invention is the channel-shaped portion at the ends of the cross brace, but the claims cover an entire wheelbarrow, all the other elements of which are old and well-known.

We disagree with MTD that *Lincoln Engineering* requires the invalidation of the claims of the '600 patent.

Contrary to MTD's argument, the channel-shaped portion of the cross brace is not the essence of the invention or its only novel element. To the contrary, as the district court stated in its discussion of obviousness, "[i]t is the totality of all the elements and their interaction with each other which is the inventor's contribution to the art of wheelbarrow making." The "new type of wheelbarrow" that, according to the district court, the '600 patent describes, was the result of a number of novel elements, including (in addition to the channel-ended cross brace) the two-piece handles, their joinder at the middle of the underside of the bowl, the support and the strengthening of that joinder by the cross brace, and attachment to the bowl. In sum, as the district court held, the '600 patent "descri[bed] ... a new and improved complete wheelbarrow."

*Lincoln Engineering* does not control this case for another reason. *Lincoln Engineering* was decided more than 20 years before the present patent code was enacted in 1952. The question, therefore, is what significance, if any, that decision has on interpreting and applying the different statutory provisions of the present law.

In *In re Bernhart and Fetter,* 417 F.2d 1395, 163 USPQ 611 (CCPA 1969), the Court of Customs and Patent Appeals, whose decisions bind us, *South Corp. v. United States,* 690 F.2d 1368, 215 USPQ 657 (Fed.Cir.1982), after discussing *Lincoln Engineering,* held that under the present statute the only proper basis for an old combination rejection is "that portion of section 112 which requires that the claims specifically point out and distinctly claim the invention." 417 F.2d at 1403, 163 USPQ at 618.

■ In the present case the district court did not discuss the application of that provision of section 112 to the claims at issue. It ruled, however, that each of the claims (other than claim 1 here at issue), "no specific deficiencies in which have been asserted ... is in compliance with § 112." We conclude that claim 2 meets the statutory requirement that it "particularly point[ ]

out and distinctly claim[ ] the subject matter which the applicant regards as his invention." Claim 2 covers "[a] wheelbarrow comprising" a number of elements, which it discussed in detail and which fully point out and describe the elements of the invention. MTD, which did not even cite *In re Bernhart and Fetter,* despite the obvious significance of that decision on this point, has not rebutted the presumption of validity of the '600 patent, *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530, 218 USPQ 871 (Fed.Cir.1983); *TP Laboratories, Inc. v. Professional Positioners,* 724 F.2d 965, 220 USPQ 577 (Fed.Cir.1984), which covers this requirement of section 112.

D. The district court held that MTD had not overcome the presumption of validity with respect to its contentions that the claims of the '600 patent were anticipated in the prior art or would have been obvious to one of ordinary skill. MTD repeats both of these contentions here. We conclude that the district court correctly rejected these arguments.

■ 1. For a patent claim to have been anticipated under 35 U.S.C. § 102, all the elements in the claim (or possibly their equivalents, *see RCA Corp. v. Applied Digital Data Systems, Inc.,* 730 F.2d 1440, 1444 (Fed.Cir.1984)) must have been disclosed in a single prior art reference or device. *Kalman v. Kimberly-Clark Corp.,* 713 F.2d 760, 772, 218 USPQ 781, 789 (Fed.Cir.1983); *SSIH Equipment, S.A. v. U.S. International Trade Commission,* 718 F.2d 365, 218 USPQ 678 (Fed.Cir.1983). In holding that the '600 patent was not anticipated, the district court found:

An examination of the prior art, including the additional ten patents relied upon by the defendant, clearly indicates that in no single pre-existing structure or description are there all of the elements of the plaintiff's patented device or their equivalents. More precisely, no one pre-existing structure or description contains both two-piece handles and a cross brace connecting those handle pieces and also including members extending downward-

ly and connecting with the bottom of the legs. The '600 patent was therefore not anticipated by the prior art.

We have no basis for rejecting as clearly erroneous these factual findings.

■ 2. In holding that the claimed invention of the '600 patent would not have been obvious to one of ordinary skill in the wheelbarrow art, the district court applied the standards for determining obviousness in *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ 459 (1966). It found that the 10 prior patents MTD relied upon, which had not been before the examiner, "teach nothing relevant which is not taught by the three patents cited by the examiner." With respect to the differences between the claimed subject matter and the three prior art references, the district court found that the

> end portions of the cross brace member [of the invention] serve to align and connect the front and rear portions of each two-piece handle.... [I]t should be noted the cross brace member of the '600 patent is described in claim 2 as extending 'beneath the bowl,' thus also locating the juncture of the handle pieces there, unlike the junctures of the two-piece handles in the prior art which are all located behind the bowl.

On the basis of these and other findings, the district court concluded that these differences "are such that the subject matter [of the '600 patent claims] as a whole was not obvious at the time the invention was made to a person having ordinary skill in the art."

The findings upon which the district court based its conclusion of nonobviousness are not clearly erroneous. Claim 2 recites, in pertinent part, "a bowl, a pair of ... handles ... with each handle being formed of two pieces ... [and] a cross brace member extending ... beneath the bowl with channel sections on the outer end portions ... with the abutting ends [of the handle portions] in an intermediate portion of the channel section ...." Under this claim the juncture of the handle portions necessarily must be located under the bowl.

In contrast, in all the wheelbarrows disclosed in the prior art upon which MTD relies, there are either single-piece handles or two-piece handles with a juncture behind the bowl rather than under it as in the '600 patent claims.

There is no indication or suggestion in any of these references that would have made it obvious to shift the location of the handle junctions to beneath the bowl. To the contrary, the uniform indication in the references that the juncture is behind the bowl teaches away rather than toward the claimed invention.

■ Finally, although the district court found it unnecessary to consider "secondary criteria supporting validity," the record shows significant secondary criteria indicating nonobviousness. The wheelbarrow the '600 patent claims had rapid and great commercial success. The MTD wheelbarrow was virtually a copy of the Radio wheelbarrow except for the changed configuration at the ends of the cross brace from channel to flat. In determining obviousness *vel non* the district court must consider all evidence that bears upon the issue, including secondary considerations. *Stratoflex,* 713 F.2d at 1538, 218 USPQ at 879.

### III

As noted, the district court determined that the flat-ended cross brace of the MTD wheelbarrow was the equivalent of the channel-ended cross brace claimed in the '600 patent. It held, however, that the MTD wheelbarrow was a "different structure" from the wheelbarrow claimed in the '600 patent because of the filler strips in the MTD wheelbarrow and the lack of any explicit reference to those strips in the claims of the '600 patent. Radio contests the ruling that the lack of any specific reference to the filler strips in the claims of the '600 patent prevented infringement. MTD argues that the district court erred in holding that its cross brace was the equivalent of the cross brace disclosed in the '600 patent.

A. Even though a device does not literally infringe the claim of a patent, "a patentee may invoke [the] doctrine [of equivalents] to proceed against the producer of a device 'if it performs substantially the same function in substantially the same way to obtain the same result.'" *Graver Tank & Manufacturing Co. v. Linde Air Products Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097, 85 USPQ 328, 330 (1950), *quoting from Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 50 S.Ct. 9, 74 L.Ed. 147, 3 USPQ 40 (1929). *See also Caterpillar Tractor Co. v. Berco, S.P.A., etc.*, 714 F.2d 1110, 219 USPQ 185 (Fed.Cir. 1983); *Hughes Aircraft v. United States*, 717 F.2d 1351, 219 USPQ 473 (Fed.Cir. 1983). A finding of equivalency is factual, and will not be overturned on appeal unless clearly erroneous. *Thomas & Betts Corp. v. Litton Systems, Inc.*, 720 F.2d 1572, 220 USPQ 1 (Fed.Cir.1983).

The district court found that the flat-ended cross brace was the equivalent of the channel-ended cross brace because

[t]he claimed function of the end sections of the cross brace in the ... patent is to secure the handle portions with the two pieces aligned in abutting relationship to form complete handles. The flat ends of the defendant's cross brace perform this same function in substantially the same way—that is, by bridging the handle pieces and being bolted to each piece.... Moreover, the cross brace members combine with the other elements in the same manner and in this respect may be considered interchangeable.

These findings are not clearly erroneous. Radio's expert witness, Mr. Hobbs, in comparing the channel-shaped and flat cross braces, testified that the flat cross brace has "the bottom part [of the channel] and not the two ridges on each side. The structure is there and it functions and gives the same result." He stated that it is "the equivalent structure of what is called for in the claims ...." A senior design engineer for Radio, Mr. Micheleau, gave similar testimony:

The court: [Y]ou find the cross bar [sic] member relationships identical between the two wheelbarrows ...?

The witness: The total use of the wheelbarrow is the same. The total use of the inner related [sic] parts [is] the same.

\* \* \* \* \* \*

Q. [W]ould your conclusion be any different if this cross bar were a completely flat member as opposed to one having this channel embossment in the center?

A. Assuming it is made of sufficient material, it will do exactly the same function.

Indeed, this is precisely the kind of case the doctrine of equivalents is designed to cover. The purpose of the doctrine is to make it impossible for "the unscrupulous copyist to make unimportant and insubstantial changes and substitutions in the patent which, though adding nothing, would be enough to take the copied matter outside the claim, and hence outside the reach of law." *Graver Tank & Mfg. Co.*, 339 U.S. at 607, 70 S.Ct. at 855, 85 USPQ at 330.

When MTD reentered the wheelbarrow business in 1980, it neither resumed the production of a prior model nor designed a new one. Instead, it virtually copied the Radio wheelbarrow. When Radio pointed out that this model infringed the '600 patent, MTD's response was merely to change the form of the cross brace to make its ends flat instead of channel-shaped, and, with this minor change, to continue to copy the Radio wheelbarrow.

B. The district court held that "the claims of the '600 patent, which do not contain filler strips, are [not] infringed by the defendant's wheelbarrows, all of which do ...." Its rationale was that the filler strips

are integral structural components included for the very purposes stated in the '600 patent's specification.... [T]he inclusion into the defendant's wheelbarrows of filler strips, although not new

elements, creates a different structure.... [D]efendant's wheelbarrows ... simply do not infringe upon the plaintiff's patent.

We disagree with the district court on this issue and hold that the MTD wheelbarrow infringed the claims of the '600 patent.

As noted, claim 2 includes "means for securing the handle portions in the channel section." Paragraph 6 of 35 U.S.C. § 112 authorizes expressing an element in a combination claim as a "means" for performing a specified function and states that such a claim "shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." "[W]here a claim sets forth a means for performing a specific function, without reciting any specific structure for performing that function, the structure disclosed in the specification must be considered, and the patent claim construed to cover both the disclosed structure and equivalents thereof." *Lockheed Aircraft Corp. v. United States*, 553 F.2d 69, 82, 213 Ct.Cl. 395, 193 USPQ 449, 460 (Ct.Cl. 1977); *Decca Ltd. v. United States*, 420 F.2d 1010, 1014, 190 Ct.Cl. 454, 164 USPQ 348, 351 (Ct.Cl.), *cert. denied*, 400 U.S. 865, 91 S.Ct. 102, 27 L.Ed.2d 104 (1970); *Stearns v. Tinker & Rasor*, 252 F.2d 589, 597–98, 116 USPQ 222, 228 (9th Cir.1957). In interpreting this "means" clause, we look to the specification to determine whether the corresponding structure includes filler strips.

The specification refers to "the preferred practice of this invention wherein use is made of a filler strip 20 in the form of a wedge-shaped channel member secured as by welding, at 22, to the underside of the bowl ...." It states that "the handle portions are secured in their assembled relation ... to the one piece filler strip on one side and to the one piece leg member on the opposite side securely to interconnect the handle portions in their assembled relationship one to the other ...," and refers to the interconnection of "the filler strip, leg members and additionally spaced portions of the handle sections." These and the

numerous other references in the specification to the use of the filler strips show that the district court correctly found that one of the functions of the strip was "[t]he rigid and secure assembly of the bowl, handle pieces and leg members."

The filler strips described in the specification thus constituted a "means for securing the handle portions in the channel sections." The "means" language in claim 2 therefore covers the filler strips. The MTD wheelbarrow which included these strips infringed claim 2 of the '600 patent.

■ The fact that, because of their triangular shape and placement, the filler strips also performed the additional function the district court noted—"[t]he substantial leveling of the bowl for fuller utilization of its capacity"—cannot avoid a finding of infringement. As the district court recognized, "an accused device cannot escape infringement by merely adding features, if it otherwise has adopted the basic features of the patent." *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 218 USPQ 965 (Fed.Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 707, 79 L.Ed.2d 171 (U.S.1984). Similarly, an accused device that contains the same feature as the patented device cannot escape infringement because in it that feature performs an additional function it does not perform in the patented device. *See, e.g.*, *Maxon v. Maxon Construction Co.*, 395 F.2d 330, 158 USPQ 77 (6th Cir.1968); *McCullough Tool Co. v. Well Surveys, Inc.*, 343 F.2d 381, 145 USPQ 6 (10th Cir.1965).

### IV

■ MTD argues at some length that this is an "exceptional case" for which it is entitled to attorney's fees under 35 U.S.C. § 285. Since MTD did not appeal from the district court's contrary determination, the argument is not open to it here. In any event, section 285 permits the court to award attorney's fees only to "the prevailing party"—a status MTD does not have under our decision.

The judgment of the district court is affirmed with respect to validity, is reversed with respect to noninfringement, and the case is remanded to that court for an accounting.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.