43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CANDELA LASER CORPORATION, Plaintiff,
and
Gaelis Corporation, Plaintiff-Appellant,
v.
CYNOSURE, INC., Defendant/Cross-Appellant.
 Nos. 94-1514, 95-1018.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 Gaelis Corporation moves to dismiss Cynosure, Inc.'s cross-appeal no. 95-1018 as untimely. Cynosure opposes. Gaelis moves for leave to file a reply, with reply attached. Cynosure opposes.
 
 
 2
 The United States District Court for the District of Massachusetts entered judgment in this case on August 11, 1994. The judgment "dismissed on the merits" Gaelis's complaint stating in part that the patent at issue here was invalid but, if valid, some claims were infringed by Cynosure. Gaelis timely appealed the district court judgment of invalidity. Four days after the expiration of the time period to file a cross-appeal, Cynosure filed with the district court a motion to extend the time for filing an appeal with the district court. Cynosure presented two grounds for its motion: 1) its initial belief that a cross-appeal was unnecessary followed by its discovery as a result of "additional legal research" that "out of caution, it should
 
 
 3
 notice a cross-appeal" and 2) "at the time the notices of appeal were filed by the plaintiffs, there were settlement discussions ... directed to resolving this litigation entirely." Cynosure asserted that these grounds constituted "good cause and/or excusable neglect for not noticing a cross-appeal within 14 days after Gaelis noticed its appeal." The district court granted Cynosure's motion without comment.
 
 
 4
 Gaelis argues that the district court abused its discretion in granting Cynosure's motion and thus moves to dismiss Cynosure's cross-appeal.* Gaelis argues that the district court abused its discretion because it failed to explain the basis of its ruling and because the record contained no evidence justifying additional time for Cynosure to file its appeal.
 
 
 5
 Cynosure argues that the district court did not abuse its discretion because Cynosure's motion before the district court explained that its failure to timely file a cross-appeal was based on its reasonable initial belief that no cross-appeal was necessary. Cynosure points out that the district court's judgment dismissed Gaelis' complaint. In this situation, Cynosure believed that the longstanding general rule that "without taking a cross-appeal, the prevailing party may present any argument that supports the judgment in its favor" operated to make the filing of a cross-appeal unnecessary. See Radio Steel & Mfg. Co. v. MTD Products, Inc., 731 F.2d 840, 843 (Fed.Cir.1984). Cynosure states that it believed it could argue noninfringement of the claims as an appellee because these arguments "would simply seek to uphold the ultimate judgment and would not seek its reversal or modification." Further, it hesitated to take an unnecessary cross-appeal because this court has admonished a party for filing a cross-appeal merely to preserve its right to "to offer arguments in support of the judgment. See Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 822 n. 1 (Fed.Cir.1989). However, Cynosure states that further research revealed that a cross-appeal, "if not necessary, may be appropriate in this case," and prompted Cynosure to seek an extension of time.
 
 
 6
 The rule governing when a cross-appeal is necessary in a case such as this is abundantly clear. When a holding of invalidity is coupled with a finding that "if valid, those claims would be infringed," the party seeking review of the infringement finding must file a cross-appeal. Shelcore, Inc. v. Durham Industries, Inc., 745 F.2d 621 (Fed.Cir.1984).
 
 
 7
 However, Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows a trial court to extend the time for filing a notice of appeal upon a showing of excusable neglect when a motion for an extension is filed not later than 30 days after the time to appeal has expired. In Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 113 S.Ct. 1489 (1993), the Supreme Court held that excusable neglect extends to both "intervening circumstances beyond the party's control" and "late filings caused by inadvertence, mistake, or carelessness." Pioneer, 113 S.Ct. at 1495. A district court considers whether such conduct is excusable by "taking account of all relevant circumstances surrounding the omission." Id. at 1499.
 
 
 8
 A trial court possesses wide discretion in granting or denying a motion to extend the time for filing a notice of appeal. See Penrod Drilling Co. v. United States, 925 F.2d 406 (Fed.Cir.1991); United States v. Atkinson, 748 F.2d 659 (Fed.Cir.1984). Nevertheless, when the question is simply failure to comply with clear legal requirements, something more than we have here must be provided us if we are to ascertain whether the trial court abused its discretion. Particularly is this so when the "error" is committed by experienced counsel. Cynosure's belated realization that the more prudent course was to file a cross-appeal hardly qualifies, without more, for such extraordinary relief. Absent a further explanation from the trial judge,
 
 IT IS ORDERED THAT:
 
 9
 (1) Gaelis's motion to dismiss is granted.
 
 
 10
 (2) Gaelis's motion for leave to file a reply is granted.
 
 
 11
 (3) Gaelis's brief is due within 21 days.
 
 
 
 *
 When a trial court grants an extension of time for appeal, the proper procedure for challenging the extension is a motion to dismiss in the appellate court. See 9 Moore's Federal Practice and Procedure, p 204.13