70 F.3d 128
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia WIENER, Plaintiff-Appellant,
v.
MITSUBISHI ELECTRONICS AMERICA, INC. and Mitsubishi Electric
Corp., Defendants/Cross-Appellants.
 Nos. 95-1162, 95-1177.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1995.
 
 DISMISSED.
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 Patricia Wiener moves to dismiss appeal no. 95-1177, the cross appeal of Mitsubishi Electronics America, Inc. et al. (Mitsubishi). Mitsubishi opposes.
 
 
 2
 In 1991, Wiener sued Mitsubishi for infringement of the claims of her patent concerning an integrated circuit read-only memory. Mitsubishi moved for summary judgment of invalidity. On January 31, 1992, the district court denied summary judgment on the ground that genuine issues of material fact existed. Mitsubishi moved for summary judgment that Wiener was not entitled to any damages or, in the alternative, that Wiener was entitled to no damages for any alleged infringement occurring before August 4, 1990, on the ground that Wiener failed to properly mark her patented articles or give notice as required by 35 U.S.C. Sec. 287. On February 9, 1993, the district court granted partial summary judgment that Wiener's failure to mark the patented articles prevented Wiener from collecting damages for any infringement that occurred before August 4, 1990, the date that the district court determined Mitsubishi received notice of alleged infringement.
 
 
 3
 Mitsubishi subsequently moved for summary judgment of noninfringement. In late 1994, the district court denied summary judgment of noninfringement on the ground that genuine issues of material fact existed. Thus, infringement, invalidity and damages remained as issues and the district court was going to hold a trial on those issues.
 
 
 4
 Instead, the parties signed a "STIPULATION REGARDING AGREED FINAL JUDGMENT" which included a proposed "AGREED FINAL JUDGMENT." In the stipulation, Wiener stated that she "forever waives any claim to damages based upon the Defendants' sale of products accused in this action for the period after August 4, 1990." The district court entered the agreed final judgment dismissing the case. Wiener appealed the denial of damages for the period prior to August 4, 1990. Mitsubishi cross appealed. Specifically, Mitsubishi appealed the denial of its motions for summary judgment of noninfringement and invalidity. Wiener argues that the denials of summary judgment are not appealable. We consider whether Mitsubishi, a prevailing party, can appeal.*
 
 
 5
 Generally, a prevailing party may present any arguments raised in the trial court to support the judgment without taking a cross appeal. Radio Steel & Mfg. Co. v. MTD Prods., Inc., 731 F.2d 840, 843 (Fed.Cir.1984). Mitsubishi argues that that rule does not apply if the prevailing party seeks modification of the judgment and that accordingly it must file a cross appeal. See, e.g., High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1558 (Fed.Cir.1995). Mitsubishi has correctly stated the applicable rule of law. However, the rule does not apply here because Mitsubishi does not seek modification of the judgment. Mitsubishi's arguments that the district court should have granted summary judgment of noninfringement or invalidity would similarly result in no liability for Mitsubishi. Thus, Mitsubishi is not adversely affected by the district court's judgment and its appeal must be dismissed.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Wiener's motion to dismiss is granted.
 
 
 8
 (2) Mitsubishi's brief is due within 21 days of the date of filing of this order.
 
 
 
 *
 Mitsubishi did not file counterclaims for declaratory judgments of noninfringement or invalidity and thus was not denied any relief