**In re Walter L. LARSEN.**

No. 01–1092.

United States Court of Appeals,
Federal Circuit.

May 9, 2001.

Before LOURIE and GAJARSA, Circuit Judges, PLAGER, Senior Circuit Judge.

## DECISION

GAJARSA, Circuit Judge.

Walter L. Larsen appeals the decision of the United States Patent and Trademark Office's Board of Patent Appeals and Interferences ("the Board" or "the PTO") sustaining a final rejection of claims 30, 31, 35–50, 62, and 63 of patent application No. 08/432,237. Because we find that the Board erred as a matter of law, we *reverse*.

## BACKGROUND

Mr. Larsen's application relates to an elastic, flexible loop used to fasten the hook of a garment hanger to a clothesline. The figures below are illustrative of the invention.

FIG. 1

FIG. 3

As illustrated, the hanger is hung on a "linear member" 6, such as a clothesline, using the hook portion 7. To fasten the hook securely to the clothesline, a first end of the flexible loop 1 is placed over the open end of the hook. The elongated section of the flexible loop is then wrapped around the clothesline and the closed end of the hook portion of the hanger. The loop is then stretched back over the clothesline, and the second end is stretched over the open end of the hook, thereby securing the hook to the clothesline. The pertinent part of representative claim 30 states:

> The combination of a hook, which is part of and which comprises suspension means for a garment hanger, and a flexible and elastically elongatable effectively closed loop, wherein the hook and the loop are assembled and arranged in a hereinafter described relative position with respect to each other to fasten the hook to a linear member with the hook being hooked to the linear member in the normal manner....

The examiner finally rejected claims 30, 31, 35–50, 61–63, 66–68 under 35 U.S.C. § 112, ¶ 2, as being indefinite, while claims 31, 42, 43, 47–50, 61–63, and 66–68 stood rejected over prior art. The examiner had allowed claims 33, 34, 51–59, 64, and 65.

The Board reversed the examiner's rejection of claims 61 and 66–68 as indefinite, and reversed the prior art rejections of claims 31, 42, 43, 47–50, 61–63, and 66–68.

The Board affirmed the examiner's rejection of claims 30, 31, 35–50, 62, and 63 as indefinite on the basis that the preamble fails to recite elements described in the body of the claim. Specifically, the Board determined that "[t]o recite in the body of the claim that the hook and the loop are fastened, in a positive sense, to the linear member obscures the scope of the claim where the preamble recites that the claim is directed to the combination of only the hook and the loop...." On that basis alone, the Board concluded that the independent claims are rendered indefinite, and also affirmed the final rejection of the claims depending therefrom.

Mr. Larsen appeals from that judgment.

## DISCUSSION

■ "A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Personalized Media Communications, LLC v. International Trade Comm'n*, 161 F.3d 696, 705, 48 USPQ2d 1880, 1888 (Fed.Cir.1998). Indefiniteness, therefore, is a question of law that we review *de novo*. *Id.* at 702, 161 F.3d 696, 48 USPQ2d at 1886.

■ Whether a claim is invalid for indefiniteness requires a determination of whether the claims at issue apprise one of ordinary skill in the art of their scope, or whether the bounds of the claims are so

indeterminable as to be indefinite. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1576, 1 USPQ2d 1081, 1088. In *Solomon v. Kimberly–Clark Corp.*, 216 F.3d 1372, 55 USPQ2d 1279 (Fed.Cir.2000), we explained the purpose of this statutory requirement, stating: "As has been noted in the context of definiteness, the inquiry under section 112, paragraph 2, now focuses on whether the claims, as interpreted in view of the written description, adequately perform their function of notifying the public of the [scope of the] patentee's right to exclude." *Id.* at 1379, 216 F.3d 1372, 55 USPQ2d at 1283.

The PTO recognized that Larsen's invention "involves three principal elements: (i) a hook, (ii) a flexible loop, and (iii) a linear member." The PTO agrees that "both common sense and the rules of grammar make clear that the body of claim 30 positively recites the linear member as an element of the claimed subject matter." Notwithstanding these observations, because the preamble recites only the hanger and loop, the PTO argues that it is unclear whether the linear member is being claimed. We do not agree.

The PTO is unable to cite precedent suggesting that the omission from the claim's preamble of a critical element of a claim renders that claim indefinite. Moreover, the PTO concedes that the "linear member" is part of, and therefore a limitation of, the claim.

 Nothing in the preamble contradicts the fact that the claim recites (i) a hook, (ii) a flexible loop, and (iii) a linear member. We must consider the totality of all the limitations of the claim and their interaction with each other to ascertain the inventor's contribution to the art. *See Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 731 F.2d 840, 845, 221 USPQ 657, 661 (Fed.Cir.1984). We conclude that the omission of any reference to the linear member in the preamble does not render the bounds of the claims so indeterminable as to be indefinite. The claimed invention is clearly an elastic loop for fastening, in the manner claimed, the hook of a garment hanger to a linear member. Thus, we are unable to perceive the ambiguity that seemed so apparent to the PTO.

In *Corning Glass Works v. Sumitomo Electric U.S.A., Inc.*, 868 F.2d 1251, 9 USPQ2d 1962 (Fed.Cir.1989), faced with the issue of whether language from the preamble may be deemed part of the claim, this court explains that the scope of the claim is determined based on the language found therein–in its entirety. Specifically, we state: "No litmus test can be given with respect to when the introductory words of a claim, the preamble, constitute a statement of purpose for a device or are, in themselves, additional structural limitations of a claim. . . . The effect preamble language should be given can be resolved only on review of the entirety of the patent to gain an understanding of what the inventors actually invented and intended to encompass by the claim." *Corning*, 868 F.2d at 1257, 9 USPQ2d at 1966. Reviewed in its entirety, it is clear that the claim includes a hanger with a hook, a flexible loop, and a linear member. Thus, we conclude that the claims at issue apprise one of ordinary skill in the art of their scope and, therefore, serve the notice function required by 35 U.S.C. § 112, ¶ 2.[1]

In his brief, Mr. Larson argues that "[t]he total concept of the invention and context of the claims in this case is so

---

1. The PTO argues, and we agree, that all claims on appeal stand or fall with claim 30. Therefore, we conclude that the rejection of the remaining claims, under 35 U.S.C. § 112, ¶ 2, was improperly upheld by the Board.

clear, simple, and easily understood that, realistically, no one who is not dwelling on some artificial and arbitrary legal 'test' would have any confusion as to the fact that the claim is directed only to the combination of the loop and not to the clothesline to which the hook is being fastened." To the extent Mr. Larson's protestations refer to the examiner's requirement that every critical element in a claim be recited in the preamble for a claim to be held definite–we agree.

Accordingly, we hold that the Board, in reaching the conclusion that the claims are indefinite, erred as a matter of law. That decision is hereby reversed.