Duane L. KNOPIK, Plaintiff–Appellant,

v.

BP PRODUCTS NORTH AMERICA, INC., Defendant–Appellee,

and

ExxonMobil Oil Corporation, Defendant–Appellee,

and

Enecotech Midwest Inc., Defendant–Appellee,

and

Conocophillips Company, Sinclair Oil Corporation, Unocal Corporation, Leggette, Brashears & Graham, Inc., DPRA Incorporated, and Braun Intertec Corporation, Defendants.

Duane L. Knopik, Plaintiff–Appellee,

v.

BP Products North America, Inc.,
Defendant–Appellee,

and

ExxonMobil Oil Corporation,
Defendant–Appellant,

and

Enecotech Midwest Inc.,
Defendant–Appellee,

and

Conocophillips Company, Sinclair Oil
Corporation, Unocal Corporation,
Leggette, Brashears & Graham, Inc.,
DPRA Incorporated and Braun Inter-
tec Corporation, Defendants.

Nos. 03–1420, 03–1446.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 4, 2003.

Before MAYER, Chief Judge,
CLEVENGER and PROST, Circuit
Judges.

ORDER

PROST, Circuit Judge.

Duane L. Knopik moves to dismiss Exxonmobil Oil Corporation's appeal, 03–1446. ExxonMobil opposes. Knopik replies.

Knopik filed a complaint in the United States District Court for the District of Minnesota against ExxonMobil and others alleging infringement. ExxonMobil asserted invalidity as an affirmative defense but did not file a counterclaim. The district court granted summary judgment in favor of ExxonMobil on Knopik's infringement claims. The district court concluded that there were material issues of fact as to validity. Subsequently, the district court entered final judgment of noninfringement in favor of ExxonMobil and dismissed Knopik's complaint with prejudice.* No judgment was entered as to patent invalidity.

Knopik appealed from the judgment of noninfringement and ExxonMobil cross-appealed, seeking review of the district court's order denying summary judgment of invalidity. In its notice of appeal, Exx-

---

* Counterclaims of invalidity raised by several other parties were dismissed without prejudice.

onMobil states that it "bring[s] that claim of invalidity before the Court of Appeals as an alternative ground to support the Judgment ... dismissing all claims against ExxonMobil."

Knopik argues that ExxonMobil's cross-appeal cannot stand because ExxonMobil does not seek modification of the judgment. We agree. *See United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924). Here, there district court's judgment is limited to infringement and ExxonMobil seeks affirmance of that judgment. ExxonMobil's reliance on *Radio Steel & Mfg., Co. v. MTD Products, Inc.*, 731 F.2d 840 (Fed. Cir.1984) and other cited precedent is misplaced where, as here, there is no judgment on validity to be modified. Under the judgment, ExxonMobil has prevailed. Therefore, ExxonMobil is not in a position to "enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment." *Bailey v. Dart Container Corp. of Mich.*, 292 F.3d 1360, 1362 (Fed.Cir.2002). Thus, a cross-appeal is not proper.

Accordingly,

IT IS ORDERED THAT:

(1) Knopik's motion to dismiss 03–1446 is granted.

(2) Each side shall bear its own costs in 03–1446.

(3) The revised official caption in 03–1420 is reflected above.