MAYER, Circuit Judge,
dissenting.
In my view, the trial court correctly decided this case. Therefore, I concur in the judgment that U.S. Patent No. 4,859,-532 (“'532 patent”) is not invalid, and I dissent from the majority’s disposition as to infringement.
I agree with the majority that, in its second remand decision, the trial court found that the '532 patent was not invalid. AFG Indus., Inc. v. Cardinal IG Co., No. 2:96-CV244, slip op. at 16-17 (E.D.Tenn. Oct. 1, 2002). Cardinal IG Company, Inc., and Anderson Windows, Inc. (collectively “Cardinal”), then made a litigation decision not to appeal invalidity, because doing so would have required it to take inconsistent claim construction positions in this court. See AFG Indus., Inc. v. Cardinal IG Co., 375 F.3d 1367, 1371 (Fed.Cir.2004) (“Cardinal III”) (“Although not appealed, the district court also held the Goodman patent did not anticipate the '532 patent.”). So in its third remand decision, the trial court did not abuse its discretion in finding that Cardinal was barred from relitigating validity. AFG Indus., Inc. v. Cardinal IG Co., No. 2:96-CV-244, slip op. at 4-9 (E.D. Tenn. June 30, 2005); see also Rouse v. DaimlerChrysler Corp. UAW Non-Contributory Plan, 300 F.3d 711, 715 (6th Cir.2002); Radio Steel & Mfg. Co. v. MTD Prods., Inc., 731 F.2d 840, 843-44 (Fed. Cir.1984). And Cardinal has not established any reason to depart from application of the law of the case. See Intergraph Corp. v. Intel Corp., 253 F.3d 695, 698-99 (Fed.Cir.2001) (setting forth the exceptions warranting departure from an otherwise permissible application of the law of the case).
With respect to infringement, I do not see invoking the canon that claims should be construed to preserve their validity as an appropriate basis for departing from the construction set out in AFG Industries, Inc. v. Cardinal IG Company, 239 F.3d 1239 (Fed.Cir.2001) (“Cardinal II”). Phillips v. AWH Corp., 415 F.3d 1303, 1327 (Fed.Cir.2005) (en banc), “limited [that] maxim to cases in which the court concludes, after applying all the available tools of claim construction, that the claim is still ambiguous.” Moreover, just as law of the case barred Cardinal from relitigating claim construction in Cardinal III, 375 *960 F.3d at 1372, so too is it improper for us to revisit it now. Accordingly, applying Cardinal II, there are no genuine issues of material fact regarding infringement. AFG Industries, Inc., established that regardless of their thickness, the titanium layers in Cardinal’s products are not optieally significant, and Cardinal did not come forth at trial with any competent evidence to the contrary.