NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**WARNER CHILCOTT COMPANY, LLC,**

*Plaintiff-Appellant,*

**v.**

**LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.,**

*Defendants-Appellees.*

---

2014-1582

---

Appeal from the United States District Court for the District of New Jersey in No. 3:11-cv-07228-JAP-DEA, Judge Joel A. Pisano.

---------------------------------------------------------------------

**WARNER CHILCOTT COMPANY, LLC,**

*Plaintiff-Appellee,*

**v.**

**LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.,**

*Defendants-Appellants.*

---

2014-1632

_____

Appeal from the United States District Court for the District of New Jersey in No. 3:11-cv-07228-JAP-DEA, Judge Joel A. Pisano.

_____

## ON MOTION

_____

Before PROST, *Chief Judge*, DYK and MOORE, *Circuit Judges*.

PROST, *Chief Judge*.

## O R D E R

Warner Chilcott Company, LLC moves to dismiss the cross-appeal of Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"). Lupin opposes.

I.

This case involves a dispute over whether Lupin's Abbreviated New Drug Application to market its generic version of Generess® infringes U.S. Patent No. 6,667,050 (the "'050 patent") owned by Warner Chilcott and listed in the Orange Book.

Following a bench trial, the district court entered its judgment, which, provided in relevant part:

IT IS on this 28th day of April 2014

ORDERED as follows:

1. Judgment is entered in favor of Plaintiff on Plaintiff's claims of infringement and Defendants' counterclaim of noninfringement.

2. The Court finding that the '050 patent is invalid as obvious, and judgment is entered

in favor of Defendants on Defendants' counterclaim of invalidity.

After Warner Chilcott appealed from the judgment, Lupin filed a cross-appeal, challenging the district court's infringement and definiteness determinations. Warner Chilcott moves to dismiss the cross-appeal as improper.

## II.

When a district court has entered a judgment of invalidity as to all asserted claims, a cross-appeal is unnecessary and improper to assert additional grounds of invalidity or non-infringement. *See, e.g., Aventis Pharma S.A. v. Hospira, Inc.*, 637 F.3d 1341, 1343-44 (Fed. Cir. 2011); *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004). Lupin nonetheless contends that its cross-appeal was proper because the district court "entered two distinct judgments—one as to infringement and one as to invalidity."

That the district court entered a judgment with separate line items addressing infringement and invalidity does not suggest Lupin's cross-appeal was proper. The form of the judgment is not what matters; what matters is whether the party was adversely affected by the judgment. *See TypeRight*, 374 F.3d at 1156-57 ("A party may 'cross-appeal if adversely affected by the appealed judgment in some particular which it seeks to have modified.'") (quoting *Beloit Corp. v. Valmet Oy*, 742 F.2d 1421, 1424 (Fed. Cir. 1984)).

*Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 731 F.2d 840 (Fed. Cir. 1984), upon which Lupin most heavily relies, is easily distinguishable. There, the district court issued a judgment that the patent was "valid but not infringed by the defendant's products." *Id.* at 843. Since the defendant would need to modify the judgment to market other products without fear of infringing the patent, we concluded that a cross-appeal would be neces-

sary. *Id.* at 844. Here, by contrast, Lupin is not adversely affected because it cannot be liable for infringement of an invalid patent. *See, e.g., Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983). Thus, unlike *Radio Steel & Mfg. Co.*, this case does not involve circumstances where the defendant is seeking to expand its rights under the judgment, and therefore is outside the circumstances where filing a cross-appeal is proper.

However, the "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower [tribunal] or an insistence upon matter overlooked or ignored by it." *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924). Lupin may thus make its arguments regarding non-infringement and indefiniteness in its response brief as an appellee. *See, e.g., Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n.1 (Fed. Cir. 1989) (an appellee may assert alternative grounds for affirmance supported by the record).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. 2014-1632 is dismissed.

(2) The revised official caption in 2014-1582 is reflected above.

(3) Each side shall bear its own costs in 2014-1632.

(4) Lupin's response brief is due no later than November 6, 2014.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

WARNER CHILCOTT COMPANY v. LUPIN LTD.                              5

ISSUED AS A MANDATE (As To 14-1632 Only):
October 6, 2014

s30