292 F.3d 1360
 John A. BAILEY, Plaintiff-Appellant,
v.
DART CONTAINER CORPORATION OF MICHIGAN, Dart Container Corporation of Kentucky, Dart Container Corporation of Pennsylvania, and Dart Container Corporation, Defendants-Appellees.
John A. Bailey, Plaintiff-Appellee,
v.
Dart Container Corporation of Michigan, Dart Container Corporation of Kentucky, Dart Container Corporation of Pennsylvania, and Dart Container Corporation, Defendants-Appellees.
 No. 02-1165.
 No. 02-1166.
 United States Court of Appeals, Federal Circuit.
 DECIDED: June 7, 2002.
 
 Erik P. Belt, Bromberg & Sunstein LLP, of Boston, MA, for plaintiff-appellant. Of counsel were Sarah C. Peck and Anne Marie Longobucco.
 Scott L. Robertson, Hunton & Williams, of Washington, DC, for defendants-cross appellants. Of counsel were Thomas J. Scott, Jr., Ozzie A. Farres, and Emerson V. Briggs, III.
 Before LOURIE, LINN and DYK, Circuit Judges.
 ON MOTION
 LINN, Circuit Judge.
 
 
 ORDER
 
 
 1
 John A. Bailey moves to dismiss appeal 02-1166 filed by Dart Container Corporation of Michigan et al. Dart Container opposes. Bailey replies.
 
 
 2
 The United States District Court for the District of Massachusetts found noninfringement and Bailey appealed. Dart Container prevailed on the merits of the case, but states that it filed a "conditional" cross-appeal so that it could raise arguments regarding noninfringement and claim construction in the event that this court reverses the noninfringement determination. Dart Container cites IMS Technology, Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1437-38, 54 USPQ2d 1129, 1140 (Fed.Cir.2000), and Budde v. Harley Davidson, Inc., 250 F.3d 1369, 58 USPQ2d 1801 (Fed.Cir.2001), as supporting the filing of such a conditional cross-appeal. Although those cases mention that such a conditional cross-appeal was filed and the court considered the cross-appellants' arguments concerning claim construction, those cases do not state that a prevailing party has standing to appeal or that a conditional cross-appeal must be filed in order for those issues to be considered. Absent such a discussion, those cases cannot stand for the proposition that there is jurisdiction over such a cross-appeal. See Nat'l Cable Television Assoc., Inc. v. Am. Cinema Editors, Inc., 937 F.2d 1572, 1581, 19 USPQ2d 1424, 1431 (Fed.Cir.1991) ("When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises.").
 
 
 3
 As Bailey correctly notes, an appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court. Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 822 n. 1, 11 USPQ2d 1321, 1322 n. 1 (Fed.Cir.1989) (cross-appeal improper to offer arguments in support of the judgment; appellee can assert alternative grounds for affirming the judgment that are supported by the record); Glaxo, Inc. v. TorPharm, Inc., 153 F.3d 1366, 1371-72, 47 USPQ2d 1836, 1840 (Fed.Cir.1998) (court may adopt ground advanced by appellee that was rejected by the trial court on summary judgment). Thus, the arguments made by the cross-appellants in IMS and Budde could have been considered by this court even if the cross-appellants had merely proceeded as appellees, as long as those arguments were made in support of the judgment of noninfringement. Similarly, in this case, Dart Container can as an appellee make appropriate arguments regarding claim construction that would result in affirmance of the judgment of noninfringement. See United States v. Am. Ry. Express Co., 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924) (an appellee can raise "any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it").
 
 
 4
 It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment. Am. Ry. Express, 265 U.S. at 435, 44 S.Ct. 560; Carnival Cruise Lines, Inc. v. United States, 200 F.3d 1361, 1365 (Fed.Cir.2000). Thus, a party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment rather than an affirmance. Radio Steel & Mfg. Co. v. MTD Prods., Inc., 731 F.2d 840, 844, 221 USPQ 657, 660 (Fed.Cir.1984) (party that prevailed due to district court's determination of noninfringement must appeal to argue that the district court incorrectly denied its counterclaim for a declaratory judgment of invalidity).
 
 
 5
 In sum, allowing a cross-appeal to proceed in the circumstances of the present case is not permitted and unnecessarily expands the amount of briefing that is otherwise allowed, as well as giving the appellee an unfair opportunity to file the final brief and have the final oral argument, contrary to established rules.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Bailey's motion to dismiss the cross-appeal, 02-1166, is granted.
 
 
 8
 (2) Each side shall bear its own costs with respect to appeal 02-1166.