INDIANA MICHIGAN POWER COMPANY, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

Indiana Michigan Power Company, Plaintiff–Appellee,

v.

United States, Defendant–Appellant.

No. 04–5122, 04–5139.

United States Court of Appeals, Federal Circuit.

Oct. 13, 2004.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

*ORDER*

Indiana Michigan Power Company moves to dismiss the United States' cross-appeal, 04–5139. The United States opposes. Indiana Michigan replies. Indiana Michigan moves without opposition for a 14–day extension of time, until October 8, 2004, to file its brief.

Indiana Michigan brought suit in the United States Court of Federal Claims alleging that the Department of Energy (DOE) had breached Indiana Michigan's Standard Contract for Disposal of Spent Nuclear Fuel and/or High–Level Radioactive Waste (Standard Contract). The trial court determined that the government had

breached the contract. On June 27, 2003 the trial court granted Indiana Michigan's motion for summary judgment concerning the rate at which the Standard Contract required DOE to accept spent nuclear fuel for purposes of calculating damages. Ultimately, however, the trial court ruled that Indiana Michigan was not entitled to any damages and entered judgment in favor of the United States. *Indiana Michigan Power Co. v. United States*, 60 Fed. Cl. 639 (2004). Indiana Michigan appealed from the judgment, and the United States cross-appealed.

Indiana Michigan argues that the United States' cross-appeal should be dismissed because the United States prevailed in the trial court and seeks to affirm, rather than reverse or modify, the judgment. The United States contends that it is entitled to challenge the June 27, 2003 determination on appeal because there is a substantial risk that Indiana Michigan will seek to assert collateral estoppel and law of the case doctrines to bar any future appeal of the rate calculation issue. Indiana Michigan argues that the United States may challenge the rate calculation decision as an appellee.

We agree with Indiana Michigan that the United States may challenge the June 27, 2003 decision as an appellee. "[A]n appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court ... [i]t is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment." *Bailey v. Dart Container Corp. of Michigan*, 292 F.3d 1360, 1362 (Fed.Cir.2002). Furthermore, we note that in order for the doctrine of collateral estoppel to bar future appeal of an issue

the determination of the issue must be necessary to the resulting judgment. *See Banner v. United States*, 238 F.3d 1348, 1354 (Fed.Cir.2001). In this case, the trial court's rate calculation determination was not necessary to the judgment. Furthermore, as noted above, the United States may challenge the rate calculation decision as an appellee. Thus, we dismiss the United States' cross-appeal.

Accordingly,

IT IS ORDERED THAT:

(1) Indiana Michigan's motion to dismiss 04–5139 is granted.

(2) The revised official caption for 04–5122 is reflected above.

(3) Indiana Michigan's motion for an extension of time to file its brief is granted.

(4) Each side shall bear its own costs for 04–5139.

(5) A copy of this order shall be transmitted to the merits panel assigned to hear this case.