**NICHOLS INSTITUTE DIAGNOSTICS, INC., Plaintiff–Appellee,**

v.

**SCANTIBODIES CLINICAL LABORATORY, INC. and Scantibodies Laboratory, Inc., Defendants–Appellants.**

**Nichols Institute Diagnostics, Inc., Plaintiff–Appellant,**

v.

**Scantibodies Clinical Laboratory, Inc. and Scantibodies Laboratory, Inc., Defendants–Appellees.**

**Nos. 06–1087, 06–1134.**

United States Court of Appeals, Federal Circuit.

Feb. 1, 2006.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

## ORDER

SCHALL, Circuit Judge.

Scantibodies Clinical Laboratory, Inc. and Scantibodies Laboratory, Inc. move for a stay, pending appeal, of the November 16, 2005 injunction of the United States District Court for the Southern District of California. Nichols Institute Diagnostics, Inc. opposes. Scantibodies replies. Scantibodies submits a "Supplemental Brief in Support of Emergency Motion to Stay Injunction Pending Appeal." Scantibodies moves to dismiss Nichols' cross-appeal, 06–1134. Nichols opposes. Scantibodies replies.

Nichols brought suit against Scantibodies alleging infringement of Nichols' patent for antibodies and assays that can be used to detect human parathyroid hormone (hPTH). Scantibodies filed invalidity counterclaims. The district court determined that Nichols' patent was enforceable and not invalid based on, inter alia, anticipation and obviousness, and that Scantibodies' products infringed claim 17 and its dependent claims, claims 20 through 25. In rejecting Scantibodies' invalidity counterclaims, the district court ruled that Nichols' patent discloses a means of differentiating between biologically active and inactive hPTH and that a piece of prior art, a 1994 abstract, does not. While the case was pending in the district court, an examiner with the Patent and Trademark Office rejected all claims of Nichols' patent, determining that the 1994 abstract either anticipated or rendered obvious every claim.

The district court entered a permanent injunction and, at Scantibodies' request, stayed the injunction in part, pending appeal, to permit Scantibodies to continue to sell its product to its existing number of patients. Scantibodies and Nichols both appealed, and Scantibodies seeks a stay, pending appeal, of the permanent injunction.

In deciding whether to grant a stay or injunction, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed.Cir. 1987). *See also Standard Havens Prods.*

*v. Gencor Indus.,* 897 F.2d 511 (Fed.Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harm factors militate in its favor. *Hilton v. Braunskill,* 481 U.S. 770, 778, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

Scantibodies argues that it is likely to succeed on the merits of its appeal because, inter alia, the district court erred in adding a claim limitation to claim 17 of Nichols' patent that the antibody must distinguish between biologically active hPTH and biologically inactive hPTH. Scantibodies argues that while claims 1 and 9 refer to active hPTH, claim 17 does not and that by adding such a limitation the district court improperly determined that the patent was not invalid as anticipated by the 1994 abstract. Nichols responds that the district court properly construed claim 17 to distinguish between biologically active and inactive hPTH.

We determine that Scantibodies has shown in the motion papers that the district court likely erred by interpreting claim 17 as distinguishing between biologically active and inactive hPTH. As Scantibodies points out, while certain claims of Nichols' patent expressly refer to active hPTH, claim 17 does not.* Without prejudicing the ultimate disposition of this case by the merits panel, we determine that Scantibodies has shown the requisite likelihood of success to obtain a stay of the injunction pending appeal.

Scantibodies argues that Nichols' cross-appeal should be dismissed because the judgment was entirely in Nichols' favor. Nichols concedes that "reversing the rulings and orders that are the subject of Nichols' cross-appeal may not necessarily affect the district court's final judgment," but contends that it should be permitted to cross-appeal in order to contest (1) the district court's determination that the 1994 abstract was a "printed publication" within the meaning of 35 U.S.C. § 102(b), (2) the district court's ruling on a motion in limine precluding Nichols from asserting infringement under the doctrine of equivalents, (3) the district court's determination that Nichols' patent had a best mode of practicing the invention, and (4) the district court's August 30, 2005 order denying Nichols' motion for a new trial based on alleged attorney misconduct.

"[A]n appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court ... [i]t is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment." *Bailey v. Dart Container Corp. of Michigan,* 292 F.3d 1360, 1362 (Fed.Cir.2002). Acceptance of the arguments Nichols wishes to make will not enlarge Nichols' rights under the judgment because the judgment would remain that the patent was infringed and not invalid. Thus, Nichols may make these arguments as an appellee and we dismiss its cross-appeal.

Accordingly,

IT IS ORDERED THAT:

---

* Claim 17 reads: "A composition comprising an antibody or antibody fragment and a suitable carrier, wherein the antibody or antibody fragment selectively binds a peptide of human parathyroid hormone (hPTH) selected from the group consisting of peptides having SEQ. ID. Nos. 1–6." In contrast, claim 1 reads: "A kit for detecting *active* human parathyroid hormone ..." (emphasis added).

490

(1) Scantibodies' motion for a stay, pending appeal, is granted.

(2) Scantibodies' motion to dismiss Nichols' cross-appeal, 06–1134, is granted.

(3) Each side shall bear its own costs for 06–1134.