BIOMEDINO, LLC, Plaintiff–Appellant,

v.

WATERS TECHNOLOGIES CORPORATION, Defendant–Appellee,

and

General Electric Company (doing business as GE Healthcare), Defendant–Appellee,

and

Agilent Technologies, Incorporated, Defendant–Appellee.

Biomedino, LLC, Plaintiff–Appellee,

v.

Waters Technologies Corporation, Defendant–Appellant,

and

General Electric Company (doing business as GE Healthcare), Defendant–Appellant,

and

Agilent Technologies, Incorporated, Defendant–Appellant.

Nos. 2006–1350, 2006–1370.

United States Court of Appeals, Federal Circuit.

Aug. 16, 2006.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

ON MOTION

LINN, Circuit Judge.

*ORDER*

Waters Technologies Corporation, General Electric Company, and Agilent Technologies, Incorporated (collectively Waters Technologies) move for leave to file a conditional cross-appeal and, if the motion is denied, petition the court for hearing of the motion en banc. Biomedino, LLC opposes. Waters Technologies replies.

The issue presented: When a district court's claim construction ruling results in a Fed.R.Civ.P. 54(b) judgment of invalidity, may the defendants cross-appeal in or-

der to argue that an unrelated claim construction would lead to a noninfringement finding, even though the district court has not decided infringement or issued a judgment regarding infringement.*

Biomedino sued the defendants for patent infringement, *Biomedino, LLC v. Waters Tech. Corp.*, case no. 05–CV–00042. The defendants counterclaimed for a declaratory judgment, inter alia, that the patent is invalid. The United States District Court for the Western District of Washington issued a claim construction order on November 22, 2005. Based upon its construction of "control means," the district court determined that the asserted claims were invalid as indefinite. The district court entered a Fed.R.Civ.P. 54(b) judgment. It appears that the district court will later determine infringement.

Biomedino appealed the Rule 54(b) judgment that the claims are invalid. Waters Technologies cross-appealed, seeking review of "certain claim limitations construed in the Court's November 22, 2005 Order Construing Claims of the '502 Patent that are not implicated by Plaintiff Biomedino, LLC's appeal from the Rule 54(b) judgment that the '502 Patent is invalid for indefiniteness."

Waters Technologies states that it seeks to raise claim construction arguments that, if accepted, "should lead to a holding of noninfringement." In other words, Waters Technologies seeks review of the construction of other terms, unrelated to the Rule 54(b) judgment, that instead relate to whether the district court should in the future find noninfringement. Because the district court has not entered judgment concerning infringement, this court lacks

jurisdiction over Waters Technologies' cross-appeal.

In its request for en banc consideration of the motion, Waters Technologies argues that this court has conflicting cases regarding when a party must file a cross-appeal to seek review of claim construction orders. Water Technologies argues that this court has previously "resolved cross-appeals raising claim construction and other issues unrelated to the basis for the judgment on appeal, and has done so whether or not the cross-appealed issues would directly or immediately modify the parties' rights under the appealed judgment." Water Technologies cites *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346 (Fed.Cir.2003); *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363 (Fed.Cir. 2003); *IMS Tech. Inc. v. Haas Automation, Inc.*, 206 F.3d 1422 (Fed.Cir.2000); and *Budde v. Harley–Davidson, Inc.*, 250 F.3d 1369 (Fed.Cir.2001). However, in those cases, this court did not hold that it had jurisdiction over the cross-appeals. Thus, those cases do not stand for the proposition that this court has jurisdiction to review any claim construction issues raised by a cross-appellant, whether or not the claim construction is related to the judgment entered by the district court. *See Bailey v. Dart Container Corp. of Michigan*, 292 F.3d 1360 (Fed.Cir.2002) (cases that do not discuss this court's jurisdiction "cannot stand for the proposition that there is jurisdiction over such a cross-appeal. *See Nat'l Cable Television Assoc., Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1581, 19 U.S.P.Q.2d 1424, 1431 (Fed. Cir.1991) ('When an issue is not argued or is ignored in a decision, such decision is

---

* Water Technologies frames the issue: "Whether a prevailing party can file a cross-appeal so that, if the particular basis for the judgment on appeal is reversed or vacated, this Court can review other final claim construction rulings made by the district court that are not relied on or implicated by the judgment and which, if accepted, would result in a modified judgment that would enlarge or lessen the rights under the judgment."

not precedent to be followed in a subsequent case in which the issue arises.')").

To suggest that there is a conflict regarding the issue, Waters Technologies cites, inter alia, cases in which we have dismissed various cross-appeals for lack of jurisdiction. However, because no cases hold that this court has jurisdiction to review a issue for which no judgment has been entered, there is no apparent conflict.

This case is unlike any of the cases cited by Waters Technologies, except *Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 741 (Fed.Cir.1997) (dismissing cross-appeal seeking to raise arguments concerning invalidity and unenforceability, because district court did not enter final judgment in that regard but instead entered a Rule 54(b) judgment of noninfringement). As in *Trilogy*, we have no jurisdiction to rule on an issue that is outside the scope of the district court's Rule 54(b) judgment.

Thus, Waters Technologies' cross-appeal seeks an advisory opinion on an issue that the district court has not decided and we are without jurisdiction over the cross-appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied. The cross-appeal is dismissed. The revised official caption is reflected above.

(2) The petition for hearing en banc will be transmitted to the court.