**SINOCHEM MODERN ENVIRONMENTAL PROTECTION CHEMICALS (XI'AN) CO., LTD., Sinochem Environmental Protection Chemicals (Taicang) Co., Ltd., Sinochem Ningbo Ltd., and Sinochem (U.S.A.) Inc., Appellants,**

v.

**INTERNATIONAL TRADE COMMISSION,**
Appellee.

No. 2009–1563.

United States Court of Appeals,
Federal Circuit.

Dec. 17, 2009.

Alex Menchaca, Yufeng Ma, McAndrews, Held & Malloy, Ltd., Chicago, IL, for Appellants.

Before MICHEL, Chief Judge, SCHALL and LINN, Circuit Judges.

ON MOTION

SCHALL, Circuit Judge.

*ORDER*

The International Trade Commission moves to dismiss this appeal. Sinochem Modern Environmental Protection Chemicals (XI'AN) Co. Ltd. et al. (Sinochem) oppose.

Pursuant to 19 U.S.C. § 1337(c), only a party adversely affected by a final determination of the ITC may appeal to this court. *Surface Technology, Inc. v. Int'l Trade Comm'n,* 780 F.2d 29, 30 (Fed.Cir. 1985). Here, the ITC made a final determination of no Section 337 violation. The complainants filed an appeal in this court, 2009–1513. Sinochem also filed an appeal, in the nature of a cross-appeal, on the ground that the ITC rejected some of its patent invalidity arguments. However, it is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment. *Bailey v. Dart Container Corp. of Michigan,* 292 F.3d 1360, 1362 (Fed.Cir. 2002) (citation omitted). Thus, a party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment, rather than an affirmance. *Id.* That is not the case here because even if Sinochem's arguments concerning invalidity are accepted, the final determination would still be one of no Section 337 violation, which would result in an affirmance. Sinochem may raise its argu-

ments concerning invalidity in its brief as an appellee in 2009–1513.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss this appeal is granted. All other pending motions are moot.

(2) Each side shall bear its own costs.