NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## PS CHEZ SIDNEY, L.L.C.,
*Plaintiff-Appellee,*

v.

## UNITED STATES INTERNATIONAL TRADE COMMISSION,
*Defendant-Appellant,*

AND

## UNITED STATES CUSTOMS SERVICE,
*Defendant-Appellant,*

AND

## CRAWFISH PROCESSORS ALLIANCE,
*Defendant-Appellant,*

AND

## COMMISSIONER BOB ODOM AND LOUISIANA DEPARTMENT OF AGRICULTURE AND FORESTRY,
*Defendants.*

2008-1526, -1527, -1534

## PS CHEZ SIDNEY, L.L.C.,
*Plaintiff-Appellant,*

v.

## UNITED STATES INTERNATIONAL TRADE COMMISSION,
*Defendant-Appellee,*

AND

## UNITED STATES CUSTOMS SERVICE,
*Defendant-Appellee,*

AND

## CRAWFISH PROCESSORS ALLIANCE,
*Defendant-Appellee,*

AND

## COMMISSIONER BOB ODOM AND LOUISIANA DEPARTMENT OF AGRICULTURE AND FORESTRY,
*Defendants.*

2008-1555

Appeals from the United States Court of International Trade in case no. 02-00635, Judge Evan J. Wallach.

## ON MOTION

Before LINN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge*.

## ORDER

PS Chez Sidney, L.L.C., United States International Trade Commission (ITC), United States Customs Service (Customs), and Crawfish Processors Alliance (Crawfish Alliance) separately respond to this court's February 26, 2010 order directing the parties to inform the court how this case should proceed in light of the Supreme Court's disposition in *SKF USA, Inc. v. U.S. Customs and Border Protection*, 556 F.3d 1337 (Fed. Cir. 2009). PS Chez moves to lift the stay of proceedings.

In the decision here on appeal, the United States Court of International Trade held that the "support requirement" of the Continued Dumping and Subsidy Offset Act of 2000, commonly known as the "Byrd Amendment," violated the First Amendment. The court also briefly rejected two non-constitutional arguments made by PS Chez. The ITC, Customs, and Crawfish Alliance all filed appeals with this court. PS Chez, who ultimately won below, also filed a cross-appeal. The appeals were consolidated and stayed pending this court's disposition in *SKF*. In *SKF*, we held that the support requirement of the Byrd Amendment did not violate the First Amendment. The Supreme Court of the United States recently denied a petition for a writ of certiorari in *SKF* rendering that decision final.

PS Chez urges this court to lift the stay of proceedings and allow the consolidated appeals to be fully briefed. The ITC, Customs, and Crawfish Alliance argue that this court should summarily dispose of this matter in light of *SKF* or alternatively that briefing should be narrowed. Having considered the parties' arguments, we lift the stay of proceedings and allow the appeal to go forward as follows.

Because *SKF* is controlling with regard to all constitutional issues presented in this appeal, we summarily reverse that portion of the Court of International Trade's judgment. The parties may only brief the non-constitutional arguments to be heard by a merits panel.

Because PS Chez is not seeking to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment, its cross-appeal is improper and must be dismissed. *Bailey v. Dart Container Corp. of Michigan*, 292 F.3d 1360, 1362 (Fed. Cir. 2002). Because of the unusual circumstances here, we deem it appropriate to reverse the briefing schedule so that PS Chez files the initial brief, the appellants file their response brief, and PS Chez may also file a reply brief.

Accordingly,

IT IS ORDERED THAT:

(1) PS Chez's motion to lift the stay of proceedings is granted. The stay of proceedings is lifted.

(2) Cross-appeal 2008-1555 is dismissed.

(3) Each side shall bear their own costs with regard to that appeal.

(4) The revised official caption is reflected above.

(5) The Court of International Trade's judgment with regard to the constitutional issues is summarily reversed. A copy of this order shall be transmitted to the merits panel assigned to hear 2008-1526, -1527, -1534.

(6) PS Chez is directed to file its opening brief raising non-constitutional arguments within 40 days from the date of filing of this order.

FOR THE COURT

OCT 2 8 2010
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

OCT 2 8 2010

**JAN HORBALY**
**CLERK**

cc: William E. Brown, Esq.
Joseph W. Dorn, Esq.
Franklin E. White, Jr., Esq.
Patrick V. Gallagher, Esq.

s19

ISSUED AS MANDATE AS TO 2008-1555: OCT 2 8 2010