NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FAST MEMORY ERASE, LLC,**
*Plaintiff-Appellant,*

v.

**INTEL CORPORATION, NUMONYX B.V., NUMONYX, INC., SONY ERICSSON MOBILE COMMUNICATIONS AB, SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., AND APPLE INC.,**
*Defendants-Appellees,*

AND

**MOTOROLA, INC.,**
*Defendant-Appellee.*

---

2010-1302

---

Appeal from the United States District Court for the Northern District of Texas in case no. 10-CV-0481, Judge Barbara M.G. Lynn.

--------------------------------------------------------------------------

**FAST MEMORY ERASE, LLC,**
*Plaintiff-Appellee,*

v.

**INTEL CORPORATION, NUMONYX B.V.,
NUMONYX, INC., SONY ERICSSON MOBILE
COMMUNICATIONS AB, SONY ERICSSON
MOBILE COMMUNICATIONS (USA), INC.,
AND APPLE INC.,**
*Defendants-Appellants,*

AND

**MOTOROLA, INC.,**
*Defendant-Appellee.*

---

2010-1324

---

Appeal from the United States District Court for the Northern District of Texas in case no. 10-CV-0481, Judge Barbara M.G. Lynn.

---

**ON MOTION**

---

Before LOURIE, FRIEDMAN, and MAYER, *Circuit Judges.*

LOURIE, *Circuit Judge.*

**ORDER**

Fast Memory Erase, LLC moves to dismiss Intel Corporation et al.'s (Intel) conditional cross-appeal, 2010-1324. Intel opposes. Fast Memory replies.

Fast Memory brought this suit in the United States District Court for the Northern District of Texas, alleging, inter alia, that Intel infringed U.S. Patent Nos. 6,303,959. Following briefing and a hearing, the district court issued an order construing six terms from claim 1 of the 959 patent, including construing the term "source leakage" to

mean "leakage from the source terminal to the substrate terminal that occurs during source erase."

Conceding that Intel's accused products did not infringe under the court's construction of "source leakage," Fast Memory joined Intel in stipulating to entry of a judgment of non-infringement to allow Fast Memory to appeal. On March 18, 2010, the court entered judgment based on the parties' stipulation of non-infringement. Fast Memory appealed. Intel also filed a cross-appeal seeking review of the district court's claim construction of terms other than "source leakage" if the judgment is vacated and further proceedings are ordered.

Fast Memory moves to dismiss Intel's cross-appeal as improper. "It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment." *Bailey v. Dart Container Corp. of Michigan*, 292 F.3d 1360, 1362 (Fed. Cir. 2002) (citing *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)).

Here, Intel concedes that its cross-appeal does not involve claim construction rulings implicated by the judgment under review, but is rather an attempt to have this court rule on claim terms not implicated by the judgment to govern further proceedings below in the event such proceedings are required. Such cross-appeals are improper under *Bailey*. Intel cites *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363 (Fed. Cir. 2003), *IMS Tech, Inc. v. Haas Automation, Inc.*, 206 F.3d 1422 (Fed. Cir. 2000), and *Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369 (Fed. Cir. 2001) in support of its cross-appeal. However, those decisions did not hold that this court had jurisdiction over the asserted cross-appeals and thus they do not support asserting jurisdiction in this case over the cross-appeal.

Because Intel's cross-appeal is improper, we grant the motion and dismiss. Intel may, if appropriate, raise the issues in its appellee's brief.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss the cross-appeal is granted. The revised official caption is reflected above.

(2) Each side shall bear its own costs with regard to the cross-appeal.

FOR THE COURT

<u>JAN 0 5 2011</u>

Date

<u>/s/ Jan Horbaly</u>

Jan Horbaly

Clerk

cc:  Jeffrey R. Bragalone, Esq.
     Chris R. Ottenweller, Esq.
     Russell E. Levine, Esq.

s19

Issued As A Mandate (For 2010-1324 Only): <u>JAN 0 5 2011</u>

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 0 5 2011

JAN HORBALY
CLERK