# United States Court of Appeals for the Federal Circuit

---

**SCHAEFFLER GROUP USA, INC.,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, INTERNATIONAL TRADE COMMISSION, THE TIMKEN COMPANY, MPB CORPORATION,**

*Defendants-Appellees*

---

2012-1269

---

Appeal from the United States Court of International Trade in Nos. 06-CV-0432, 07-CV-0064, 07-CV-0477, 08-CV-0387, 10-CV-0048, Judge Gregory W. Carman.

---

## ON PETITION FOR REHEARING EN BANC

---

MAX FRED SCHUTZMAN, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, New York, NY, filed a petition for rehearing en banc for plaintiff-appellant. Also represented by ANDREW THOMAS SCHUTZ, KAVITA MOHAN, Washington, DC.

MARTIN M. TOMLINSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, filed a response to the petition

for defendants-appellees United States, United States Customs and Border Protection. Also represented by BENJAMIN C. MIZER, JEANNE E. DAVIDSON, FRANKLIN E. WHITE, JR.; JESSICA MILLER, SUZANNA HARTZELL-BALLARD, Office of Assistant Chief Counsel, United States Customs and Border Protection, Indianapolis, IN.

PATRICK VINCENT GALLAGHER, JR., Office of the General Counsel, International Trade Commission, Washington, DC, filed a response to the petition for defendant-appellee International Trade Commission. Also represented by ROBIN LYNN TURNER, JAMES M. LYONS, NEAL J. REYNOLDS.

TERENCE PATRICK STEWART, Stewart & Stewart, Washington, DC, for defendants-appellees The Timken Company, MPB Corporation, filed a response to the petition. Also represented by GEERT M. DE PREST, PATRICK JOHN MCDONOUGH.

———————————

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, WALLACH, CHEN, and STOLL, *Circuit Judges.*[*]

LOURIE, *Circuit Judge*, dissents from the denial of the petition for rehearing en banc without opinion.

WALLACH, *Circuit Judge*, dissents from the denial of the petition for rehearing en banc.

PER CURIAM.

———————————

[*]    Circuit Judges Reyna, Taranto, and Hughes did not participate.

# **O R D E R**

A petition for rehearing en banc was filed by appellant Schaeffler Group USA, Inc., and responses thereto were invited by the court and filed by the appellees. The petition for rehearing and responses were referred to the panel that heard the appeal, and thereafter, to the circuit judges who are in regular active service. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

The petition for rehearing en banc is denied.

The mandate of the court will issue on November 6, 2015.

FOR THE COURT

October 30, 2015
　　　Date

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**SCHAEFFLER GROUP USA, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, INTERNATIONAL TRADE COMMISSION, THE TIMKEN COMPANY, MPB CORPORATION,**
*Defendants-Appellees*

---

2012-1269

---

Appeal from the United States Court of International Trade in Nos. 06-CV-0432, 07-CV-0064, 07-CV-0477, 08-CV-0387, 10-CV-0048, Judge Gregory W. Carman.

---

WALLACH, *Circuit Judge*, dissenting from the denial of the petition for rehearing en banc.

Today, the court compounds an error that it first committed over six years ago when it held that the petition support requirement in the Byrd Amendment did not offend the First Amendment of the Constitution. *See SKF USA, Inc. v. U.S. Customs & Border Prot.*, 556 F.3d 1337 (Fed. Cir. 2009). The court has repeated this transgression several times in recent years, enshrining impermissible favoritism of a particular political viewpoint at the expense of others. *See Giorgio Foods, Inc. v. United States*, 785 F.3d 595, 600–04 (Fed. Cir. 2015) (relying

upon *SKF* in reaching its decision); *Schaeffler Grp. USA, Inc. v. United States*, 786 F.3d 1354, 1358–64 (Fed. Cir. 2015) (same); *Pat Huval Rest. & Oyster Bar, Inc. v. Int'l Trade Comm'n*, 785 F.3d 638, 643–47 (Fed. Cir. 2015) (same); *Tampa Bay Fisheries, Inc. v. United States*, 609 F. App'x 637, 641–43 (Fed. Cir. 2015) (same); *Ashley Furniture Indus., Inc. v. United States*, 734 F.3d 1306, 1309–12 (Fed. Cir. 2013) (same); *PS Chez Sidney, LLC v. U.S. Int'l Trade Comm'n*, 409 F. App'x 327, 328–29 (Fed. Cir. 2010) (same). *But see Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 133 S. Ct. 2321, 2330 (2013) (holding that the Government transgressed the First Amendment when it required that "funding recipients adopt—as their own— the Government's view of an issue of public concern"); *FCC v. League of Women Voters*, 468 U.S. 364, 414 n.6 (1984) (Stevens, J., dissenting) ("'[T]he First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others.'" (quoting *City Council of L.A. v. Taxpayer for Vincent*, 466 U.S. 789, 804 (1984))).  At this point, the court's jurisprudence has evolved to "prize[] form over substance," leaving a direct conflict from which logic cannot recover.  *Giorgio Foods*, 785 F.3d at 608 (Reyna, J., dissenting) ("[T]he *SKF* case and the majority opinion are in direct conflict and irreconcilable.").

The court should overrule *SKF*, not only because it reached the wrong result, but also because it did so only by producing an untenable savings construction.  Instead, we permit its error to persist as law, as well as reduce a complicated and constitutionally core inquiry about government control of protected speech into an exercise that asks only whether someone checked a particular box, with no judicial suspicion that real life might mandate a different result.  Because no principled construction can cure the petition support requirement of its constitutional infirmity, I respectfully dissent from the denial of the petition for rehearing en banc.