WALLACH, Circuit Judge,
dissenting from the-denial of the petition for rehearing en banc.
Today, the court compounds an error that it first committed over six years ago when it held that the petition support requirement in the Byrd Amendment did not offend the First Amendment of the Constitution. See SKF USA, Inc. v. U.S. Customs & Border Prot., 556 F.3d 1337 (Fed.Cir.2009). The court has repeated this transgression several times in recent years, enshrining impermissible favoritism of a particular political viewpoint at the expense of others. See Giorgio Foods, Inc. v. United States, 785 F.3d 595, 600-04 (Fed.Cir.2015) (relying upon SKF in reaching its decision); Schaeffler Grp. USA, Inc. v. United States, 786 F.3d 1354, 1358-64 (Fed.Cir.2015) (sarnie); Pat Huval Rest. & Oyster Bar, Inc. v. Int’l Trade Comm’n, 785 F.3d 638, 643-47 (Fed.Cir.2015) (same); Tampa Bay Fisheries, Inc. v. United States, 609 Fed.Appx. 637, 641-43 (Fed.Cir.2015) (same); Ashley Furniture Indus., Inc. v. United States, 734 F.3d 1306, 1309-12 (Fed.Cir.2013) (same); PS Chez Sidney, LLC v. U.S. Int’l Trade Comm’n, 409 Fed.Appx. 327, 328-29 (Fed.Cir.2010) (same). But see Agency for Int’l Dev. v. All. for Open Soc’y Int’l, Inc., — U.S.-, 133 S.Ct. 2321, 2330, 186 L.Ed.2d 398 (2013) (holding that the Government transgressed the First Amendment when it required that “funding recipients adopt — as their own— the Government’s view of an issue of public concern”); FCC v. League of Women Voters, 468 U.S. 364, 414 n. 6, 104 S.Ct. 3106, 82 L.Ed.2d 278 (1984) (Stevens, J., clissenting) (“ ‘[T]he First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others.’ ” (quoting City Council of L.A. v. Taxpayers for Vincent, 466 U.S. 789, 804, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984))). At this point, the court’s jurisprudence has evolved to “prize[] form over substance,” leaving a direct conflict from which logic cannot recover. Giorgio Foods, 785 F.3d at 608 (Reyna, J., dissenting) (“[T]he SKF case and the majority opinion are in direct conflict and irreconcilable.”).
The court should overrule SKF, not only because it reached the wrong result, but also because it did so only by producing an untenable savings construction. Instead, we permit its error to persist as law, as well as reduce a complicated and constitutionally core inquiry about government control of protected speech into an exercise that asks only whether someone checked a particular box, with no judicial suspicion that real life might mandate a different result. Because no principled construction can cure the petition support requirement of its constitutional infirmity, I respectfully dissent from the denial of the petition for rehearing en banc.